# CHARLESTON

## Higgs *v.* Cunningham.

Submitted September 12, 1911.   Decided January 28, 1913.

1. Appeal and Error—*Review—Discretion of Trial Court—Ruling on Motion to Raise Default.*

   Where a plaintiff stands by and voluntarily suffers a default and dismissal, by failure to reply to defendant's plea, the court has discretion to refuse to raise the default at a later time in the absence of excuse by the plaintiff, and that discretion can not be reversed on appeal when the record affords nothing to show abuse of the same.  (p. 676).

2. Dismissal and Non-Suit—*Vacation—Discretion of Court.*

   Code 1906, ch. 127, sec. 11, does not peremptorily require every dismissal or non-suit to be set aside simply because the court is asked to do so.  The court has a sound discretion in the premises.  (p. 672).

Error to Circuit Court, Randolph County.

Action by Wilson B. Higgs against A. M. Cunningham. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*C. H. Scott*, for plaintiff in error.

*A. R. Stallings* and *H. H. McCormick*, for defendant in error.

ROBINSON, JUDGE:

To plaintiff's action of trespass on the case  for  malicious
prosecution, defendant pleaded in abatement the pendency of an-
other suit for the same cause of action, between the same parties,
instituted in another county prior to the suing out of the writ in
the action to which the plea was filed.   The plea in abatement
was filed at the rules at which plaintiff filed his declaration.   To
this plea plaintiff did not reply at either of two rule days that
intervened before the next term of the court.   At that term, the
court dismissed the suit on the plea in abatement as to which
there was no reply.   The order recites the presence of plaintiff,
by his attorney, at the time of this dismissal.   He joined no
issue on the plea in abatement, but suffered the case to be dis-
missed because of his failure to reply.   The order plainly shows
his failure to prosecute.   He took no exception to the dismissal.

Ten days thereafter, at the same term, plaintiff again appeared
to the action and moved to set aside the order of dismissal and to
be permitted to file a replication to the plea in abatement.   Upon
the objection of defendant, the court overruled the motion.
Plaintiff reserved exceptions covering the action of the court in
overruling the motion.   He has prosecuted this writ of error to
the judgment of the court in that particular.

The bill of exceptions shows that plaintiff moved to set aside
the dismissal and to be permitted to file a replication to the
plea in abatement "upon the ground that the case was called up
out of its order, in the absense of the plaintiff and without his
knowledge or presence of his counsel and dismissed, and upon the
further ground that he had the right to enter the said replication
during the said term of court."

Now, the record shows plaintiff's attorney to have been pres-
ent and to have allowed the suit to go without further prosecution
That record is a verity.   We can not overthrow it on the mere
statement of the ground for the motion.   The trial court which
had actual knowledge of the fact heard that statement but still
left the record of the presence of plaintiff by his attorney to
stand and the fact of his presence to become  foreclosed.   We
can not at all presume that the court would have done this if the
fact were otherwise than the record states it.

The trial court also overruled the ground that the case was

called up out of its order.   That court knew the fact in this particular also.   We must assume that it dealt rightly in relation thereto.   Nothing in the record shows the contrary.

As to the other ground, ordinarily plaintiff would not have the right to file a replication any time during the term.   At the time of the dismissal, he had had full time and opportunity to reply, Two rule days at which he could have filed the replication had elapsed.   He still could have filed it in term up to the time of dismissal.·   As the record comes to us, he remained in default in this behalf.

There is absolutely nothing in the record to sustain the grounds on which plaintiff relied to set aside the dismissal.   Plaintiff offered no affidavit or other thing in support of these grounds. Then, can we say that the court erred in overruling them?   The presumption is that the court acted rightly.   But plaintiff seems to insist that because he desired to reply before the term closed, it was error to deny him leave to do so.   We can not justly say that the court erred herein.   If plaintiff stood by and knowingly suffered default, as the record says he did, it was not error for the court to refuse to raise that default in the absence of excuse therefor.   If it were otherwise, trial courts could easily be imposed upon.   For instance, one could suffer a default as plaintiff did here and then on the last day of the term tender his plea or replication and cause it to be filed, thus carrying the case over that term as he may have desired by his course therein.   Or, one could stubbornly refuse to plead at the time his plea was due, and then put it in at a late and inconvenient time regardless of hardship on the opposite party and the court by such practice.   Trial courts must be given some discretion to guard against dilatory practices and properly and justly to dispatch the public business. Of course we do not say that dilatory practice was in the mind of plaintiff's counsel in the matter under consideration.   But we do say that the record shows plaintiff voluntarily to have permitted judgment against himself by his own default and then to have failed to excuse himself for so doing, so that the trial court could, as on this record we must presume it did, justly refuse to hear him at a later day.

While we are of the opinion that Code 1906, ch. 127, sec. 11, applies to such a dismissal as the one in this case, yet, in the light

of reason and authority, we can not hold that statute to require peremptorily every dismissal or non-suit to be set aside whenever the court is asked.   That statute reads:  "Any circuit court may on motion, re-instate on the trial docket of the court, any case dismissed, and set aside any non-suit that may be entered by reason of the non-appearance of the plaintiff, within three terms after the order of dismissal may have been made, or order of non-suit entered."  It would seem that the real purpose of this statute is to allow re-instatement within three terms.   For, inherently the court had the power before this enactment to set aside a dismissal or non-suit and re-instate the cause within the term at which the dismissal or non-suit was entered.   This statute does not dispense with the showing of good cause—the showing of excuse for the neglect that has disturbed orderly legal procedure.   One can not refuse to prosecute or defend and then ask to do so without showing why he thus acts so inconsistently. In this connection the following excerpts are   pertinent:  "No general rule can be laid down which will determine every case upon an application to open or vacate a default or judgment thereon.   Each case must rest upon its own circumstances and specific considerations.   It is not even sufficient that the applicant shows an irregularity in the judgment or that his case falls within the instances provided for by a statute of relief; he must go further and show that the irregularity is substantially prejudicial to him, or that a failure to open the default or judgment thereon will operate harshly and inequitably."   6 Enc. Pl. & Pr. 161.   "The decision of a court upon a motion to open a default and allow a defense ordinarily rests in discretion, whether the motion be made before or after the entry of judgment.   The discretion ought to be exercised so as to bring about a judgment on the merits of the case, unless the defendant has been guilty of inexcusable neglect, or it would be unjust to the plaintiff to grant the motion, or the   plaintiff   has lost an opportunity of trial, in   which   case   the   application should be denied."   *Id.* 200.   "The rule that the decision of the motion rests in discretion applies to the exercise of power under statutes of relief, unless the terms of the statute peremptorily require that the motion be granted."   *Id.* 205.

No abuse of sound discretion in the court to refuse to vacate

the dismissal appears from the record. The judgment denying the motion will therefore be affirmed.

*Affirmed.*