# CHARLESTON.

STATE *ex rel.* THE WILKES INS. AGENCY v. JAMES DAMRON, JUDGE.

Submitted February 4, 1920. Decided February 17, 1920.

1. DISMISSAL AND NONSUIT—*Court May Vacate Judgment and Reinstate Cause on Payment of Costs.*

   In a trial by jury, after plaintiff announces his case closed, defendant's counsel requests a peremptory instruction on account of an alleged fatal variance in the evidence, and upon the court signifying his intention to grant the instruction, plaintiff's counsel requests permission to be allowed to reopen the case for the purpose of introducing additional testimony to overcome the variance, and on the court's refusal of his request, plaintiff suffers a voluntary judgment of nonsuit, which the court immediately afterwards, on plaintiff's motion, sets aside and reinstates the cause on the trial docket, on plaintiff's payment of costs, over objection and exception of defendant. Held not to be without jurisdiction or in excess of the court's legitimate powers. (p. 621).

2. SAME—*On Motion to Reinstate Cause Court May Consider Evidence Heard Prior to Judgment.*

   In determining whether or not there is any merit in plaintiff's motion, the court may consider the evidence heard on the trial just prior to its judgment of nonsuit. (p. 621).

   RITZ, JUDGE, dissenting).

Original prohibition by the State of West Virginia, on relation of the Wilkes Insurance Agency, against James Damron, Judge of the Circuit Court of Wyoming County, and others.

*Writ refused.*

*A. G. Fox, A. A. Lilly* and *Sanders & Crockett,* for relator, *Hartley Sanders* and *Dillon & Nuckolls,* for respondents.

WILLIAMS, PRESIDENT:

Petitioner seeks to prohibit respondent, the judge of the circuit court of Wyoming County, from further proceeding in an action brought in said court by the Wyoming Baking Co. against the petitioner on an alleged oral fire insurance contract. The writ is sought on the alleged ground of want of jurisdiction and excess of legitimate powers, which consisted in reinstating the plaintiff's cause of action immediately after it had voluntarily suffered a nonsuit, without requiring it to show any cause for such reinstatement. It appears from the petition and respondent's answer that, after the plaintiff had introduced its evidence and announced that it had closed its case, defendant's counsel moved the court to direct a verdict for the defendant on the ground of a fatal variance between the declaration and proof. The court having signified its intention to sustain the motion, plaintiff's counsel asked to have the case reopened and that it be allowed to introduce additional evidence to clear up the variance, which permission the court refused to grant after the case had been closed. Thereupon plaintiff suffered a voluntary nonsuit, and immediately thereafter moved the court to set aside the judgment of nonsuit and reinstate the case on the docket, which motion was granted, over the objection of defendant, and it excepted. Quoting from respondent's answer, "the court, in the exercise of its due discretion, believed that it would be fair and promote justice to give the plaintiff an opportunity upon another trial to correct said variance by proper evidence, and that therefore respondent was of the opinion that the non-suit should be set aside and the case re-instated upon the condition that plaintiff pay the cost as set out in the order of the court entered therein."

Petitioner's counsel insist that the court exceeded its legitimate powers, that section 11, ch. 127, has no application in such a case, and that there was no cause shown by plaintiff in support of its motion. A nonsuit is no bar to the cause of action and the matter of setting it aside and reinstating the case is a matter within the sound discretion of the trial court. But counsel insist that it was necessary for plaintiff to show good cause therefor, and that it did not do so. The reinstatement was ordered immediately after the court had heard plaintiff's witnesses, refused its request to be allowed to introduce further evidence after it had closed its case, and all these matters were fresh in the mind of the court. Upon reflection the court may have concluded that, in the interest of justice, it should have allowed plaintiff to introduce its evidence to correct the variance, and in order to correct, as far as possible, his ruling in respect thereto, prompted by a desire to do justice to the parties, as his answer states, he acted upon the knowledge which he had already obtained from the testimony of witnesses in the trial. He had a right to act upon his knowledge thus obtained, and it does not appear that any further proof was necessary as a foundation for his ruling. We can not see that there was any lack of jurisdiction or abuse of judicial power. *Higgs* v. *Cunningham,* 71 W. Va. 674. That case is authority for the proposition that the trial court is vested with a sound discretion in the matter of reinstating causes which have been dismissed for failure to prosecute. It was reviewed on writ of error and the record showed that he was present by counsel and suffered a dismissal for failure to reply to a plea in abatement. Ten days later, at the same term, he appeared and moved to set aside the judgment and to be allowed to plead. The court overruled his motion on the ground that he had had ample time and opportunity to plead and showed no cause for his failure to do so, in other words that he had shown no cause. This court held that although section 11, ch. 127, Code, applied, it did not entitle the applicant to have the dismissal set aside as a matter of right, but the court could exercise its judicial discretion to grant or refuse the motion, as might seem to it just and proper.

Plaintiff had a right to suffer a nonsuit at any time before the jury retired, section 11, ch. 131, Code, and the court, dur-

ing the term, having complete control over its judgments, 8 Ency. Dig. Va. and W. Va. 511, had the inherent power to set it aside, and in doing so could consider the facts disclosed on the trial, of which he was already advised, in determining whether or not sufficient cause therefor existed. When the plaintiff is required to pay the costs, as in this case, and the defendant suffers no hardship, it would seem to be in furtherance of justice for the court to set aside a judgment of nonsuit.

*Writ refused.*

RITZ, JUDGE, *(dissenting):*

I cannot agree with the conclusion reached by the majority in this case. The plaintiff, after a full trial of the issue, upon being advised by the court that he would sustain a motion to direct a verdict for the defendant, took a voluntary nonsuit. That this was his right there is no doubt. He could have stood on the case made and prosecuted a writ of error to the action of the court in directing the verdict, or he could take a voluntary nonsuit, as he did. After this nonsuit was taken there was no case pending in the court. The plaintiff then moved the court to set aside the order of nonsuit. This motion was made at the same term of court at which the nonsuit was taken, and immediately after its entry, and the court, without having anything to support the motion, set aside the nonsuit and reinstated the case. My contention is that this was a clear abuse of the court's powers. I do not doubt for a moment but that the court had power to set aside a final order of nonsuit at the same term at which it was entered upon a showing of cause, but it is just like any other final order in a case. It cannot be set aside properly unless cause be shown therefor. It is not at all different from any other final judgment, and as is held in *Post* v. *Carr,* 42 W. Va. 72, the adverse party has an interest in the judgment of the court finally disposing of the cause, and he is entitled to have such final disposition stand, unless cause is shown for setting it aside. But it is said that the judge in his return replies that he exercised his discretion by considering the evidence heard by him upon the trial of the case. He could not consider anything except what was offered on the motion. The evidence heard upon the trial of the case in which the nonsuit was taken,

and which was off the docket of the court, was no more a part of the record or entitled to consideration than any other facts which might be within the knowledge of the court. The parties were entitled to have this showing made upon the motion so that advantage could be taken of the court's ruling, and if he exer-- cised his discretion improperly the same could be reviewed. In *Beck* v. *Thompson,* 31 W. Va. 459, it was held that on a motion to set aside a verdict because of the improper constitution of the jury it must appear that the party making the motion was preju- diced thereby, and this showing of prejudice must appear from the evidence offered on the motion, and that the court could not consider upon this motion the evidence introduced upon the trial of the case. We approved that holding in *Garrett* v. *Patton,* 81 W. Va. 771, and it occurs to me that it is entirely consistent with reason. Our holding there is to the effect that such dis- cretion of the court in setting aside an order finally disposing of a case is reviewable. How can it be reviewed under the cir- cumstances in this case? The matters considered by the judge are not part of the record, nor can they be made part of the record. It is impossible to put into the record his mental pro- cesses resulting from the consideration of matters known to him from purely outside sources so that the result is that in- stead of being the exercise of discretion, the circuit judge is permitted to do just as he pleases upon this question because there is no way in the world to review that discretion and it has always been my view that where an officer has the power to do as he pleases without the authority in any other tribunal to review his action, he is exercising arbitrary power instead of judicial discretion. In the case of *Dillon* v. *Bare,* 60 W. Va. 483, we held that while ordinarily this court would not by extraordinary writ interfere with the conduct of officers where the action sought to be controlled called for the exercise of their discretion, it would control such action by the writ of mandamus where the same was performed by such officer without any basis for it. In other words, there cannot be the exercise of discre- tion unless there is something upon which to base it.