WHITE SULPHUR SPRINGS, INC. *v.* ELIZABETH T. RIPLEY *et al.*

(No. 9353)

Submitted May 5, 1942. Decided June 9, 1942.

*Fitzpatrick, Strickling & Marshall,* for petitioner.
*John L. Detch,* for respondents.

Fox, President:

Elizabeth Ripley, a resident of the Commonwealth of Massachusetts, sustained injuries while a guest at the White Sulphur Springs Hotel on February 27, 1940; and, alleging negligence on the part of the Hotel Company, instituted an action of trespass on the case, in the Circuit Court of Greenbrier County, against White Sulphur Springs, Inc., on February 27, 1941, and process therein was issued returnable to April Rules following. No declaration was filed at April Rules, nor at May, June or July Rules following. Proceeding under Code, 56-4-7, the Clerk of the Circuit Court of said county dismissed the action at September Rules, 1941. Acting under Code, 56-8-12, the plaintiff in said action, on December 16, 1941, moved the circuit court to reinstate the same, and filed in support of such motion three affidavits, to be presently considered, and evidence was taken on the motion. The court then required plaintiff to file her declaration, which was done, and thereafter it sustained the motion to reinstate the action. Thereafter, White Sulphur Springs, Inc., filed in this Court its petition against Elizabeth T. Ripley and Mark L. Jarrett, Judge of the Circuit Court of Greenbrier County, praying for a writ of prohibition against further proceeding in such action on the part of either. A joint demurrer was filed by Elizabeth T. Ripley and Mark L. Jarrett, and Jarrett, as Judge of the Circuit Court of Greenbrier County, filed his separate answer. A paper, called an answer, is filed in the proceeding by Lawrence M. Ripley, next friend for Elizabeth T. Ripley, who purports to file the said answer for and on behalf of an in-

sane person. Any irregularity in the filing of this answer was waived by White Sulphur Springs, Inc., by its counsel, in argument at the bar of the court; and so it is that the matter comes on to be heard on the petition, the demurrer, the answers aforesaid, and the evidence taken in the court below.

It will be noted that the action instituted by Elizabeth T. Ripley against White Sulphur Springs, Inc., would have become barred by the statute of limitations, (Code, 55-2-12) on the day following the institution of her suit on February 27, 1941, and, therefore, if her action is not reinstated, she is, under our statute, forever barred from further prosecuting her claim. This is not stated because of any particular bearing upon the construction of the statute, but as indicating the results which may flow therefrom, and as having in some way influenced some of the decisions which have been rendered on the point at issue herein.

Code, 56-4-7, provides, "If three rules elapse after the rules at which the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants have appeared." It is not contended that the declaration was filed within the required period, or that there was an appearance in the case on the part of the defendant. However, plaintiff seeks to have her action reinstated under Code, 56-8-12, which provides that, "Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order of reinstatement shall not be entered until the accrued costs in such case shall have been paid." It will be observed that this section provides only that the court may reinstate a dismissed action under specified limitations, and does not, in terms, require that cause be shown therefor. However, the uniform rulings of this Court have been that under said section good

cause must be shown before an action can be reinstated. In *Higgs* v. *Cunningham,* 71 W. Va. 674, 77 S. E. 273, 274, Judge Robinson, speaking for the Court said: "This statute does not dispense with the showing of good cause— the showing of excuse for the neglect that has disturbed orderly legal procedure. One can not refuse to prosecute or defend and then ask to do so without showing why he thus acts so inconsistently." See also *George* v. *Kittle,* 102 W. Va. 613, 135 S. E. 900; *Murray* v. *Roberts,* 117 W. Va. 44, 48, 183 S. E. 688. This matter has been treated by the Virginia courts under a statute not fundamentally different from our own. In *Jennings* v. *Pocahontas Consolidated Collieries Company,* 114 Va. 213, 76 S. E. 298, it was held that a case dismissed by the clerk for failure to file declaration within time, can be reinstated only upon a showing of sufficient legal reason, and will not be reinstated where the cause preventing the filing could have been foreseen and obviated, especially where to reinstate would deprive defendant of the defense of limitation. In *Trent* v. *Clinchfield Coal Corporation,* 119 Va. 812, 89 S. E. 923, it was held that where the error is apparent upon the face of the record in respect to a rule against the plaintiff to file a declaration was corrected and the plaintiff nonsuited, his motion of reinstatement of the cause on the docket would be denied if the reinstatement would deprive the defendant of the defense of limitation that he would otherwise have. See also *Wickham* v. *Green,* 111 Va. 199, 68 S. E. 259; Burke's Pleading & Practice, 3rd Ed. page 109.

The question is therefore presented whether good cause was shown for the order of the court in reinstating the action in question, and this calls for an examination of the affidavits in support of the motion, and the testimony offered thereon. Three affidavits are filed. One, that of Elizabeth T. Ripley, made on the 15th day of September, 1941, and after her action had been dismissed, in which she states, in effect, that she had been in poor health since the time of her accident, and then states, "I was not aware that it was necessary to testify in that case (meaning her

suit against White Sulphur Springs, Inc.,) in April, 1941, or prior thereto; but I was not in physical or mental condition to testify at that time as I have been under a doctor's care for what is commonly known as nervous prostration, and my condition is now such that my doctor advises me that I would not be able to testify without danger of a serious setback in my condition." The second affidavit is that of her physician, and his statement is that "In my opinion, Mrs. Ripley was unable to testify, without jeopardy to her condition, in April, 1941. I am of the opinion also that she is unable at the present time to testify in litigation without prejudice to her complete recovery and without danger of retarding her recovery from her neuresthenic condition." The third affidavit is that of the attorney for Elizabeth T. Ripley in the circuit court. He states that he did not notify his client of the necessity of filing a declaration within three rule days after that at which the process was returnable, and indicates that it was his understanding that the matters in difference between her and White Sulphur Springs, Inc., were being settled in pending litigation in Massachusetts. The testimony of the same attorney, taken on the hearing of the motion to reinstate, is not different from the statements contained in his affidavit. It will be noted that the affidavits of Elizabeth T. Ripley and her physician do nothing more than state that she would not have been able to testify in the case in April 1941, and that she was not able to testify in September, 1941. Whatever her condition may have been, she was able to make an affidavit on the later date. Of course, the requirement of the statute that the declaration be filed within three terms after the rule at which process is made returnable, has no possible connection with whether plaintiff was able to testify at that time, or at any later date.

There could have been no occasion for her to testify at any of the dates when her declaration could have been filed. Her physical and mental condition could have been properly raised if the case were being pressed for trial, and a continuance sought on that ground. The filing of

the declaration was a simple matter and could have been done without the presence of the plaintiff. As a matter of fact, the declaration actually filed was, apparently, prepared on short notice in the absence of the plaintiff, in December, 1941.

We do not think the evidence and affidavits produced at the hearing furnish any grounds for the reinstatement of this action. Conceding, as we do, that the trial court is vested with discretion to reinstate, or refuse to reinstate, an action which has been dismissed, that discretion can only operate where there is some testimony upon which such discretion may be exercised. Failure to reinstate in a case where it is clearly shown that fraud, or other adventitious circumstances, beyond the control of the plaintiff, had prevented the filing of a declaration in time would be an abuse of discretion. On the other hand, where nothing whatever is shown to justify the belief that there was fraud or other circumstance explaining the failure to file the declaration, it would be an abuse of discretion to say that good cause therefor was shown. Taking into consideration both the affidavits and the testimony filed and taken herein, and giving to them the most liberal construction, we find therein nothing which justifies the action of the trial court in reinstating the action.

The only question remaining is whether prohibition lies in a situation such as that presented by the record. Exceptions to the action of the court could have been taken, the points saved, and in case of a trial and judgment against the defendant in the original action, the question could be raised in this Court on writ of error. But does this fact exclude resort to the writ of prohibition? We think not. Our statute, Code, 53-1-1, provides that, "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." This statute has been construed in numerous cases decided by this Court. *N. & W.* v. *Pinnacle Coal Co.,* 44 W. Va. 574, 30 S. E. 196, 41 L. R. A. 414; *State* v. *Damron,*

85 W. Va. 619, 102 S. E. 238; *George* v. *Kittle, supra; Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341. The trial court had jurisdiction to entertain the original action, and to pass upon the question of whether the same should be reinstated. The statute providing that the action should be dismissed for certain causes, and further providing that an action so dismissed might be reinstated, necessarily requires the holding that the court retained jurisdiction to pass upon the motion to reinstate. But this fact does not settle the matter. Not only does the writ lie to correct cases of usurpation and abuse when no jurisdiction exists, but covers a case where a court having such jurisdiction, exceeds its legitimate powers. "Where the court, although having jurisdiction of the cause, during the trial of it, exceeds its powers in some matter pertaining thereto, for which there is no adequate remedy by the ordinary course of proceeding, the writ of prohibition lies, under the general principles of law, as well as under the statute * * *." *State* v. *Dailey,* 72 W. Va. 520, 79 S. E. 668, 669, 47 L. R. A. (N. S.) 1207; *New Gauley Coal Corp.* v. *Herndon,* 101 W. Va. 445, 132 S. E. 879, and *Wolfe* v. *Shaw, supra,* seem to justify the writ in cases where resort to the processes of regular proceedings by way of appeal or writ of error would result in waste of time, effort and expense, and with no advantage to anyone. The writ, in a proper case, being one of right, and the petitioner herein having no adequate or complete remedy by the regular processes of law, unless it be the long, expensive and cumbersome one of proceeding to the trial of the action, with the subsequent raising of the question here involved on writ of error, in case of judgment against it in the trial court, coupled with the fact that a reinstatment of the case deprives it of the benefit of the plea of the statute of limitations, which it might otherwise have, brings us to the conclusion that this is a proper case for the awarding of a peremptory writ of prohibition against the further prosecution of the action at law improperly reinstated by the court below, and an order to that effect will be entered.

*Writ awarded.*