294 S.E.2d 83

**Matthew L. SNYDER, etc., et al.**

v.

**Barbara Jean Barker HICKS.**

**No. 15100.**

Supreme Court of Appeals of
West Virginia.

June 25, 1982.

McGraw and McHugh, JJ., dissented.

Lovett & Cooper, James T. Cooper and Henry R. Glass, III, Charleston, Skeen & Skeen and Larry L. Skeen, Ripley, for appellants.

Joseph C. Hash, Jr., Ravenswood, for appellee.

PER CURIAM:

This is an appeal by Matthew L. Snyder and Harold L. Snyder from an order of the Circuit Court of Jackson County denying their motion to reinstate the civil action they filed against Barbara Jean Barker Hicks. The question presented is whether the trial court abused its discretion in ruling that the appellants did not establish good cause for reinstating the civil action to the docket. We reverse and remand with directions.

This civil action was instituted in June, 1976, by Harold L. Snyder, as the next friend of his infant son, Matthew L. Snyder. The complaint alleged that as a result of defendant's negligent operation of a motor vehicle, the child sustained serious and permanent injuries which will result in the

loss of future earnings and a loss of the ability and capacity to enjoy life. The complaint further alleged that plaintiff, Harold L. Snyder, has expended and will be compelled to expend large sums of money in the future for medical expenses relating to his child's injuries.

Shortly after the complaint was filed, the defendant, by and through her insurance carrier, Stonewall Casualty Company, requested from plaintiffs' counsel an extension of time to answer for the purpose of attempting settlement. Plaintiffs' counsel agreed to the extension, but a settlement was not reached and, on March 2, 1977, an answer was filed denying the material allegations of the complaint. Thereafter, no further action was taken in the trial court until March 22, 1979, when the court dismissed the action from the docket pursuant to R.C.P. 41(b) and *W. Va. Code*, 56–8–9, on the ground that no action had been taken in the case for more than two years. Within three terms of court the plaintiffs filed a motion to reinstate the action under R.C.P. 41(b) and *W. Va. Code*, 56–8–12.

In support of the reinstatement motion, plaintiffs' counsel filed an affidavit stating that plaintiff Matthew L. Snyder was an infant approximately nine years of age; that although some of the necessary medical information relating to the infant's condition had been available for some time, the medical information presently available was not sufficient for counsel to consummate a settlement agreement; and that no affirmative action had been taken in the trial court because he had agreed with Stonewall Casualty Company that settlement negotiations would be explored before requiring the company to defend the action on the merits in court.

Following a hearing in April, 1980, the circuit court denied the motion to reinstate the action on the docket and ordered that the action be dismissed without prejudice. Plaintiffs then brought this appeal.

We begin by noting that the action of plaintiff, Harold L. Snyder, for medical expenses for his injured child is now barred by the statute of limitations, *W. Va. Code*, 55–2–12. Consequently, if this action is not reinstated under Rule 41(b), he will be foreclosed from prosecuting his claim. The action of the infant plaintiff, however, is not time-barred as he can bring the action after he reaches majority. For this reason the appellants do not contest the dismissal of the action as to the infant child.

■■ This Court has uniformly held that good cause must be shown before an action can be reinstated under 56–8–12.* *See, e.g., White Sulphur Springs, Inc. v. Jarrett*, 124 W.Va. 486, 20 S.E.2d 794 (1942); *Higgs v. Cunningham*, 71 W.Va. 674, 77 S.E. 273 (1913). In syllabus point 4 of *White Sulphur Springs, Inc., supra*, we said in part: "A trial court, upon a motion to reinstate a suit or action... is vested with a sound discretion with respect thereto...." *See also, Thomas v. Jones*, 105 W.Va. 46, 141 S.E. 434 (1928); *Higgs v. Cunningham, supra*.

■■ Upon the limited facts and circumstances of record a majority of the Court is of the opinion that good cause was shown for the reinstatement, that denying reinstatement would not serve the ends of justice, and that the trial court abused his discretion in denying reinstatement on the evidence of record. In the affidavit offered in support of the motion to reinstate the action, plaintiffs' counsel not only stated that the medical evidence was not such that he could properly finalize a settlement agreement, but he also represented that he had an agreement with Stonewall Casualty Company that settlement negotiations would be explored before requiring the company to defend the action on the merits. "The law favors and encourages the

---

* The language of *W. Va. Code*, 56–8–9 and *W. Va. Code*, 56–8–12 was incorporated almost verbatim in the second paragraph of R.C.P. 41(b). The relationship between the rules of civil procedure and statutory provisions governing the pleading, practice and procedure in civil actions was discussed at some length in *Arlan's Department Store of Huntington, Inc. v. Conaty*, 162 W.Va. 893, 253 S.E.2d 522 (1979). The Court recognized in that case that good cause has always been required for reinstatement, even though no such requirement is expressly called for by the language of *W. Va. Code*, 56–8–12. *Id.* 162 W.Va. at 900–901, 253 S.E.2d at 527.

resolution of controversies by contracts of compromise and settlement rather than by litigation...." Syl. pt. 1, *Sanders v. Roselawn Memorial Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1968).

For the foregoing reasons, the judgment of the Circuit Court of Jackson County is reversed and the case is remanded to that court with directions that the case be reinstated on its docket.

Justices McGraw and McHugh are of the opinion that the trial court was correct in its decision to deny reinstatement and would affirm.

Reversed and remanded with directions.