408 S.E.2d 316

**BELINGTON BANK, A West Virginia Banking Corporation, Plaintiff Below, Appellant,**

**v.**

**The MASKETEERS COMPANY, a corporation; Orion Hathaway, Mildred Lewis, Joe E. Miller and James W. Daddysman, Defendants Below, Appellees.**

**No. 19847.**

Supreme Court of Appeals of West Virginia.

Submitted May 14, 1991.

Decided July 18, 1991.

---

Harry A. Smith, III, Elkins, for appellant.

Mark D. Nigh, Philippi, for appellees Joe E. Miller and James W. Daddysman.

Caton N. Hill, Jr., Philippi, for appellees Masketeers Co. and Mildred Lewis.

PER CURIAM:

This is an appeal by the Belington Bank from an April 9, 1990, order of the Circuit Court of Barbour County dismissing, pursuant to the two-year rule,[1] only the individual defendants from a civil action styled *Belington Bank, a West Virginia Banking Corporation, v. The Masketeers Company, a West Virginia Corporation,* *Orion Hathaway, Mildred Lewis, Joe E. Miller, and James W. Daddysman.* Belington Bank has appealed that order, contending that the lower court erred in dismissing Orion Hathaway, Mildred Lewis, Joe E. Miller, and James W. Daddysman and in refusing to reinstate the cause of action against those appellees. We agree with the contentions of the appellant and hereby reverse the decision of the Circuit Court of Barbour County and remand this case to the lower court with directions to enter an order reinstating the cause of action by the appellant against those individuals.

I.

On March 1, 1985, the appellant filed a complaint against The Masketeers Company, a West Virginia Corporation, Orion Hathaway, Mildred Lewis, Joe E. Miller, and James W. Daddysman, alleging that The Masketeers Company had defaulted on ten promissory notes of $254,458.76 and that the individual defendants were guarantors of the notes and shareholders and officers of Masketeers at the time of the delivery of the notes.[2] On or about April 15, 1985, appellees Miller and Daddysman filed unsuccessful motions to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Miller and Daddysman had argued that a proper presentment of the notes had not been accomplished because the appellant had failed to proceed against Masketeers prior to proceeding against the individual defendants. The lower court denied that motion to dismiss and found that the appellant had given proper notice and that a proper presentment had been made.

The answers filed by Miller and Daddysman alleged that Miller and Daddysman should not be liable until the appellant first proceeded against Masketeers. The an-

1. Pursuant to West Virginia Rule of Civil Procedure 41(b) and W.Va.Code § 56-8-9 (1931), a court may dismiss a case in which there has been no order or proceeding but to continue the case for more than two years.

2. The bank alleged that appellees Orion Hathaway, Mildred Lewis, and Joe E. Miller were guarantors as to the ten notes and that appellee Joe E. Miller was a guarantor as to nine of the notes. Appellees Joe E. Miller and James W. Daddysman, as well as Masketeers, were represented by attorney Mark Nigh, and appellees Orion Hathaway and Mildred Lewis were represented by attorney Caton Hill, Jr.

swers also indicated that a bankruptcy filing was anticipated and that the consequent bankruptcy stay would apply to Miller and Daddysman as individual defendants as well as Masketeers. The answers filed on behalf of appellees Hathaway and Lewis also alleged that the appellant was estopped to pursue the action against Hathaway and Lewis as individual defendants until it first proceeded against Masketeers. Appellees Hathaway, Lewis, Miller, and Daddysman all filed cross-claims against one another seeking contribution, and appellees Hathaway and Lewis also filed cross-claims against Masketeers.

On May 16, 1985, Masketeers filed a Notice of Bankruptcy Stay stating that on May 8, 1985, Masketeers had sought Chapter 11 bankruptcy relief. The Notice of Bankruptcy Stay stated: "Notice is hereby given pursuant to the provisions of 11 U.S.Code Section 362(a) that this proceeding is stayed by said filing." Minimal discovery was pursued during the course of the bankruptcy stay. On November 21, 1985, the appellant filed interrogatories against the individual defendants, and those interrogatories were answered on January 2, 1986. On March 20, 1987, approximately twenty-two months after the bankruptcy stay had been initiated, United States Bankruptcy Judge L. Edward Friend, II, dismissed the bankruptcy proceeding upon a finding that Masketeers was unable to file a feasible reorganization plan pursuant to Chapter 11 of the bankruptcy code.

In June 1987, approximately three months after the stay was lifted, a sale of Masketeers personal property resulted in a $42,909.90 reduction in the amount owed to the appellant. By letter dated September 15, 1987, counsel for defendants Daddysman and Miller requested counsel for the appellant to supply a statement of the amount of the deficiency balance. No response was received.

Upon no further activity, the lower court dismissed the civil action pursuant to the two-year rule on August 11, 1988, less than

seventeen months after the dismissal of the bankruptcy stay. On January 20, 1989, the appellant moved to reinstate the case, pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, on the grounds that the bankruptcy stay had interrupted the proceedings and had been lifted only approximately seventeen months prior to the dismissal order. On January 23, 1989, the lower court entered the proposed order reinstating the case, stating specifically that "this matter be, and the same is hereby, reinstated on the trial docket of this Court, to be effective upon the payment by the Plaintiff of any accrued costs."[3] The order stated that reinstatement was "proper in that, until March 20, 1987, this proceeding was subject to the provisions of an automatic stay as the result of a bankruptcy case in the United States Bankruptcy Court for the Northern District of West Virginia...." Both counsel for appellees Daddysman and Miller and counsel for appellees Hathaway and Lewis contend that they consulted with the lower court at a docket call in February 1989 and that they were advised that the reinstatement would apply only to The Masketeers Company and not to the four individual defendants.

On February 1, 1990, counsel for appellees Miller and Daddysman filed a motion for clarification and sanctions requesting clarification of the lower court's position on the issue of the applicability of the reinstatement exclusively to Masketeers Company as opposed to Masketeers and the four individual defendants. A pretrial conference and a hearing on the motion for clarification and sanctions were held on February 13, 1990. The appellant's primary contention was that the bankruptcy stay had applied to all defendants because the appellant could not have proceeded against the individual defendants without the primary obligor. Consequently, the appellant contended, the reinstatement should apply to all defendants rather than only to Masketeers. Conversely, the appellees argued that the automatic bankruptcy stay did not encompass the individual guaran-

---

**3.** Counsel for the appellant contends that he was unaware that this order had been entered until

July 1989 and did not pay the reinstatement fee until that time.

tors and that the appellant should have proceeded against the individual defendants during the pendency of the bankruptcy stay. Failure to do so, they argued, resulted in the dismissal, pursuant to the two-year rule, of the action against the individual defendants. After hearing arguments of counsel, the lower court ruled that the order or reinstatement was applicable only to Masketeers Company and that there was no good cause for the reinstatement against the individual defendants. The appellant appealed that decision to this Court.

## II.

The dispositive issue, deceptively simple, is whether the reinstatement of the civil action initiated by the appellant should be applicable only to Masketeers Company or to the other four individual defendants as well. It is apparent that the lower court recognized the existence and applicability of the bankruptcy stay; however, the lower court apparently deemed the applicability of the bankruptcy stay to be limited to the entity on whose behalf the stay was initiated. The appellant contends that the scope of applicability should be extended to the other four individual guarantors and defendants who were, the appellant maintains, inextricably intertwined with the primary obligor. The appellant further contends that it could not have successfully asserted its claim against Masketeers through the individual defendants while the bankruptcy stay was pending. Additionally, the appellant argues that the defendants' cross-claims against one another further complicate the resolution of the claim and require the availability of all defendants for the case to effectively proceed. Trying the case without Masketeers as a party, the appellant contends, would have resulted in unnecessarily repetitious and expensive litigation.

■ We have uniformly held that good cause must be shown before an action can be reinstated under West Virginia Rule of Civil Procedure 41(b).[4] *See e.g. Snyder v.*

*Hicks,* 170 W.Va. 281, 283, 294 S.E.2d 83, 85 (1982); Syl. Pt. 3, *White Sulphur Springs, Inc. v. Jarrett,* 124 W.Va. 486, 20 S.E.2d 794 (1942); *Higgs v. Cunningham,* 71 W.Va. 674, 676, 77 S.E. 273, 274 (1913). In the syllabus of *Snyder,* 170 W.Va. at 282, 294 S.E.2d at 84, we explained that "[a] trial court, upon a motion to reinstate a suit or action, ... is vested with a sound discretion with respect thereto....' Syl. pt. 4, *White Sulphur Springs, Inc. v. Jarrett,* 124 W.Va. 486, 20 S.E.2d 794 (1942), *in part."* Furthermore, we stated the following in syllabus point 1 of *Royal Furniture Co. v. City of Morgantown,* 164 W.Va. 400, 263 S.E.2d 878 (1980):

> In setting aside a non-suit and reinstating a case upon the trial docket, the trial judge may consider the evidence adduced prior to the non-suit and his action in so setting aside the non-suit and reinstating the case will not be disturbed on appeal unless a showing is made that he has abused his discretion.

■ The reinstatement in the present case was premised upon the fact that a bankruptcy stay had interrupted the proceedings. The procedure by which an automatic stay is initiated in a bankruptcy proceeding is governed by 11 U.S.C.A. § 362(a) (West 1979). Pursuant to the applicable provisions of that section, a bankruptcy petition such as that filed by Masketeers

> operates as a stay, applicable to all entities, of—(1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

*Id.*

In *Williams v. Narick,* 177 W.Va. 11, 350 S.E.2d 11 (1986), we held that an order entered in federal bankruptcy court staying further prosecution of civil actions against a manufacturer of intrauterine devices did

---

**4.** We have recognized that good cause has always been required for reinstatement despite the absence of that express requirement in the language of W.Va.Code § 56–8–12 or Rule 41(b). Syl. Pt. 1, *Arlan's Dep't Store of Huntington, Inc. v. Conaty,* 162 W.Va. 893, 253 S.E.2d 522 (1979).

not foreclose a state court from hearing a civil case involving a clinic and several physicians where the manufacturer was neither a named co-defendant nor a third-party defendant. The plaintiff in *Williams* had alleged that the clinic and physicians implanted and negligently failed to remove the intrauterine device known as the Dalkon shield. Our holding that the state action had been improperly stayed was based, in part, upon the fact that the manufacturer on behalf of whom the stay had been initiated was neither a named co-defendant nor a third-party defendant in the state action. 177 W.Va. at 14, 350 S.E.2d at 14.

In *Williams,* we also noted the decision of the Fourth Circuit Court of Appeals in *A.H. Robins Co. v. Piccinin,* 788 F.2d 994 *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986) in which the Fourth Circuit concluded that Robins' status as a debtor and co-defendant necessitated a stay of proceedings as against other co-defendants. 177 W.Va. at 13, 350 S.E.2d at 13. In discussing the scope of 11 U.S.C. § 362, the Fourth Circuit explained the following:

> Subsection (a)(1) is generally said to be available only to the debtor, not third party defendants or co-defendants.... However, as the Court in *Johns–Manville Sales Corp.,* 26 B.R. 405, 410 (Bkrtcy.S.D.N.Y.1983) remarked, in discussing the oft-cited case, *Royal Trucks & Trailer v. Armadors Meritina Salvadoreana,* 10 B.R. 488, 491 (N.D.Ill.1981), 'there are cases [under 362(a)(1)] where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants' but, it adds, that in order for relief for such nonbankrupt defendants to be available under (a)(1), there must be 'unusual circumstances' and certainly

> ' "[s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties." '

(footnote and some citations omitted)

*A.H. Robins Co.,* 788 F.2d at 999.

Based upon the unusual circumstances of the present case, we hold that the bankruptcy stay filed on May 16, 1985, was applicable to the entire proceeding, including not only The Masketeers Company, but also the four individual defendants, Hathaway, Lewis, Miller, and Daddysman.[5] We recognize the lack of feasibility in according full relief in the absence of all parties and acknowledge that the individual guarantor co-defendants were shareholders and officers of Masketeers and cross-claimants against Masketeers in the underlying suit. Consequently, in reinstating the civil action based upon the interruption of the proceeding occasioned by the bankruptcy stay, the lower court abused its discretion in failing to reinstate against all five defendants. We reverse the decision of the Circuit Court of Barbour County and remand this case to the lower court with directions to enter an order reinstating the civil action against not only Masketeers but also the four individual defendants.

Reversed and remanded.

NEELY, J., deeming himself disqualified, did not participate in the consideration or decision of this case.

---

**5.** Our recent decision in *Anderson v. Robinson,* 186 W.Va. ——, 411 S.E.2d 35 (1991) is not in conflict with our approach to the present case. In syllabus point 2 of *Anderson* we stated the following:

> Where a plaintiff has obtained a judgment against a tortfeasor who has filed a petition for bankruptcy in federal court, the "automatic stay" provisions contained in 11 *U.S.C.* § 362, as amended, which are part of the federal bankruptcy laws, do not preclude the plaintiff from proceeding in the circuit courts of this state against the tortfeasor's insurer to satisfy the judgment by the proceeds of the tortfeasor's available insurance coverage.

In discussing our rationale, we explained that the Section 362 automatic stay provisions do not necessarily protect a guarantor from a creditor's action. *Anderson,* at 41. In *Anderson,* the judgment had already been obtained, and any question of liability had already been settled. *Id.* at 41. In the present case, the individuals in question were codefendants of the bankrupt entity and were cross-claimants in the civil action pending when the bankruptcy proceeding was initiated. Under these circumstances, the relationship among the parties justifies the application of the stay to the entire proceeding rather than exclusively to the entity filing bankruptcy.