# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **Tobacco Litigation**

**Jimmie Hieneman, as Executor of the
Estate of Mary Ann Hieneman,
Plaintiff Below, Petitioner**

**vs) No. 18-0413** (*In re Tobacco Litigation*, No. 00-C-5000, Kanawha County Civil Action No. 98-C-2371)

**Brown & Williamson Holdings, Inc.,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmie Hieneman, as Executor of the Estate of Mary Ann Hieneman, by counsel James A. McKowen, appeals the April 6, 2018, order from the Mass Litigation Panel (sometimes referred to as "panel") denying petitioner's motion to reinstate his case. Respondent Brown & Williamson Holdings Company, Inc., by counsel W. Henry Jernigan, Jr., submitted a response to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mary Ann Hieneman ("the decedent") smoked a variety of manufactured cigarettes and also used Bugler tobacco, marketed by Respondent Brown & Williamson Holdings Co., to roll her own cigarettes.[1] She developed laryngeal cancer and subsequently passed away on February 16, 2007. The decedent's tobacco case was filed in the Circuit Court of Kanawha County in 1998, but it was transferred to the Mass Litigation Panel for Tobacco where it was consolidated with over 1,000 other tobacco cases. During Judge Recht's tenure presiding over these cases, he divided them into a number of trial groups: medical monitoring claims; non-Liggett cigarette claims; Liggett cigarette claims; and smokeless tobacco claims. According to petitioner, roll-

---

[1] According to respondent, it is alleged to be the manufacturer of the roll-your-own tobacco allegedly used by the decedent. R.J. Reynolds Tobacco Company is the successor-in-interest to the domestic tobacco business of Brown & Williamson Tobacco Company.

your-own cigarette claims were never assigned to a trial group or given their own case management or scheduling order. The medical monitoring group was tried, and there was a defense verdict that was affirmed on appeal. The second trial group was limited to non-Liggett brand cigarettes and also resulted in a defense verdict on most issues. That judgment was appealed to this Court and was upheld in *In re Tobacco Litigation*, Case. No. 13-1204, 2014 WL 5545853 (W. Va. Nov. 3, 2014)(memorandum decision). The second trial on non-Liggett cigarette claims resolved all of the decedent's manufactured cigarette claims designated in her complaint and 5(b) disclosures, but petitioner contends that her roll-your-own claims were left intact.[2]

On August 14, 2015, Timothy Barber, an outside attorney working with James F. Humphreys & Associates, L.C., wrote to Judge Recht to further pursue identification of the severed claims, including roll-your-own, snuff, and chewing tobacco claims. In that letter, he "asked all counsel to make appropriate inquiry and be armed with numbers" for those claims. On October 9, 2015, the circuit court conducted a hearing during which Mr. Barber said he had written a number of letters to the various counsel representing plaintiffs in the cases and asked them to identify any plaintiffs who wished to pursue any non-cigarette claims they had filed fifteen years prior. Mr. Barber indicated that he was going to send another communication to counsel saying that the court had ordered them to identify their roll-your-own, snuff, and chewing tobacco cases.

On June 3, 2016, Judge Recht entered an order requiring that tobacco plaintiffs designate their smokeless tobacco and cigar cases that needed to be tried by June 27, 2016. According to petitioner, the parties disagree as to whether the order applied to the roll-your-own claims; petitioner contends that it did not while respondent contends that it did. Further, petitioner contends that no order was ever entered requiring plaintiffs to designate roll-your-own claims for purposes of creating a trial group. The parties also disagree as to whether a subsequent case management order requiring plaintiffs to file preliminary plaintiff fact sheets for smokeless tobacco cases applied to the roll-your-own claims. On July 7, 2016, Mr. Barber filed a list of twenty-one cases with smokeless tobacco claims on behalf of the Humphreys clients, though that list did not include petitioner's case. As set forth in Mr. Barber's July 7, 2016, letter, this list was limited to smokeless tobacco claims and did not include any roll-your-own claims, which he noted deserved attention, including possibly a scheduling order. On July 11, 2016, the court held a hearing, during which plaintiffs' counsel noted that there may be plaintiffs who wished to pursue roll-your-own claims. Although counsel undertook to identify any such plaintiffs within thirty days of that hearing, none were identified by that date or at any time during the following two years.

On March 24, 2017, the court entered an agreed case management order concerning claims based on the use of smokeless tobacco products. While that order did not set forth trial dates, it provided for a discovery period extending into 2019. On October 20, 2017, the entire group of remaining tobacco claims was transferred to the Mass Litigation Panel. That panel held

---

[2] According to petitioner, the 5(b) disclosures were baseline medical and factual information, including smoking history, smoke-related disease, and date of diagnosis.

its first hearing on December 14, 2017, during which it expressed a desire to set aggressive timelines and move cases quickly. Beginning in 2018, petitioner's counsel, James A. McKowen, noticed his appearance on behalf of the Humphreys clients. On March 5, 2018, the panel entered an order dismissing all of the tobacco claims, with the exception of certain specified claims; those claims included the following: ninety-two cases with pending Liggett cigarette claims, forty-one cases with smokeless tobacco claims, and thirty cases with ventilated filter claims. On March 10, 2018, petitioner's counsel filed objections to the dismissal order, along with a motion to reinstate various claims, including the roll-your-own claims for petitioner. Petitioner's counsel asserts that it "mistakenly referred" to petitioner's roll-your-own claims as smokeless claims, believing that the category of smokeless tobacco claims included loose leaf tobacco used to roll-your-own cigarettes. Without citing to the record, petitioner asserts that throughout the litigation there had been confusion as to whether roll-your-own claims were included within the category of smokeless tobacco claims. Petitioner's counsel "originally believed this to be true, and argued in his motion to reinstate that [petitioner's] case had not been designated as a 'smokeless' matter because a legal assistant, not realizing that roll-your-own claims were included in the smokeless category, had not added her case to the list."

On April 6, 2018, the panel entered its order denying petitioner's motion to reinstate his case. In that order, the panel found that counsel of record had informed the court they no longer desired to pursue the forty-one smokeless tobacco claims and dismissed those claims for failure to comply with the court's February 5, 2018, notice of hearing and order.[3] The panel then specifically addressed petitioner's counsel's objections to the order of dismissal with prejudice and motion by certain Humphreys plaintiffs with Liggett and smokeless claims to reinstate certain cases. According to that order, the reasons set forth by plaintiffs below for reinstatement were as follows: 1) they were inadvertently omitted from the designations of pending claims without willfulness or bad will; 2) defendants will suffer no real prejudice; 3) plaintiffs were not responsible for not being listed on the designations; 4) some cases have estate issues, resolution of which would benefit from additional investigation and time to locate and contact family members and determine if they wish to proceed with these claims; and 5) the designations are required disclosures constituting a form of discovery and dismissal is a harsh measure imposed only under extreme circumstances.

Petitioner's counsel argued that most of the fifteen smokeless tobacco claims they wanted reinstated were either roll-your-own or pipe tobacco, which they contended were never part of the smokeless tobacco group because they were subject to a separate severance order. Defendants argued that the newly identified cases should not be reinstated because it was more than eighteen years after the tobacco litigation had begun and almost two years after the deadline for plaintiffs to identify themselves as having smokeless/non-cigarette claims. Defendants also argued that during a 2016 hearing plaintiffs advised the court they would identify any plaintiffs with roll-your-own claims within thirty days, but they failed to identify such claims until March 10, 2018. The panel denied plaintiffs' motion to reinstate the fifteen cases plaintiffs' counsel had identified on March 10, 2018, as having smokeless tobacco claims. Petitioner appeals from that

---

[3] The panel also addressed the ventilated filter cigarette claims, but that issue is not the subject of this appeal.

order.

As this Court set forth in *Covington v. Smith*,

[w]hen a circuit court dismisses a case due to inactivity in accordance with W. Va. R. Civ. P. 41(b), a motion requesting the court to reinstate the matter, pursuant to W. Va. R. Civ. P. 41(b) and W. Va. Code § 56–8–12 (1923) (Repl.Vol.1997), rests in the court's sound discretion. "Traditionally, our scope of review, even where reinstatement is timely sought, is limited. It is only where there is a clear showing of an abuse of discretion that reversal is proper." *Dimon v. Mansy,* 198 W.Va. 40, 46, 479 S.E.2d 339, 345 (1996). Thus,

[a] motion to reinstate a dismissed action under the terms of Code, 56–8–12, is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court upon such motion will not be disturbed upon writ of error. *Higgs v. Cunningham,* 71 W.Va. 674, 77 S.E. 273 [ (1913) ].

Syl. pt. 1, *Murray v. Roberts,* 117 W.Va. 44, 183 S.E. 688 (1936). *See also* Syl. pt. 4, in part, *White Sulphur Springs, Inc. v. Jarrett,* 124 W.Va. 486, 20 S.E.2d 794 (1942) ("A trial court, upon a motion to reinstate a suit or action, under Code, 56–8–12, is vested with a sound discretion with respect thereto[.]"); Syl. pt. 2, *Higgs v. Cunningham,* 71 W.Va. 674, 77 S.E. 273 ("Code 1906, ch. 127, sec. 11, does not peremptorily require every dismissal or non-suit to be set aside simply because the court is asked to do so. The court has a sound discretion in the premises.").

213 W. Va. 309, 315-16, 582 S.E.2d 756, 762-63 (2003) (footnote omitted). As we further stated in *Covington*,

[s]imilarly, a circuit court's decision to grant or deny a motion for reconsideration under W. Va. R. Civ. P. 60(b) also warrants deferential review by this Court. " 'A motion to vacate a judgment made pursuant to *Rule* 60(b), W. Va. R.C. P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. Pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. pt. 4, *Rose v. Thomas Mem'l Hosp. Found., Inc.,* 208 W.Va. 406, 541 S.E.2d 1 (2000) (per curiam). *See also* Syl. pt. 2, *Rose,* 208 W.Va. 406, 541 S.E.2d 1 ("'An appeal of the denial of a *Rule* 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.' Syl. Pt. 3, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).").

213 W. Va. at 316, 582 S.E.2d at 763.

4

On appeal, petitioner sets forth a single assignment of error. He asserts that the lower court erred in dismissing this matter and refusing to reinstate it when there was a pending claim involving roll-your-own tobacco. First, he argues that his decedent's roll-your-own claim was not subject to the order requiring plaintiffs to designate their smokeless claims. Without citing to the record, petitioner contends that from the outset of this litigation, "smokeless tobacco" has been limited to moist snuff, dry snuff, and chewing tobacco–all products that are placed into the mouth instead of being smoked. However, "loose tobacco" included products used in the process of cigarette making and pipes. He contends that none of the circuit court's scheduling orders specifically addressed roll-your-own claims so he did not identify those claims to the court.

He next argues that even if petitioner's roll-your-own claim was subject to the existing orders, his claim should have been reinstated. Petitioner asserts that the fact that his roll-your-own claim was not designated for purposes of creating a trial group, if such designation was required, was due to mistake or inadvertence – not bad faith on the part of counsel or petitioner. "Furthermore, there is no evidence that the estate was responsible for the failure to designate a roll your own claim, if such designation was required. The legal assistant who compiled the list of plaintiffs with smokeless tobacco claims reasonably believed that smokeless claims did not include any products that were burned." He contends that respondent would not be prejudiced by the reinstatement of the claim despite the passage of time between the decedent's use of roll-your-own tobacco and the present date. Petitioner also argues that the suggestion made by an attorney at the July 11, 2016, hearing to designate roll-your-own claims was never embodied in an order and that courts speak through their orders.

Finally, he asserts that the matter was not appropriate for dismissal for the failure to prosecute because West Virginia law favors the trial of cases on their merits. He argues that even if Judge Recht's order could be interpreted to include roll-your-own claims within smokeless tobacco claims, "it was understandable that the person preparing the list of smokeless claims for the Humphreys firm would be confused on this point, given the counterintuitive nature of classifying a product that burns as being smokeless."

Without citing to the record, respondent contends that when the decedent passed away in 2007, petitioner filed a motion to substitute in as the executor of the estate, but because he never obtained a ruling on that motion, he is not a proper party before this Court. According to petitioner, he filed a timely suggestion of death but admits that it appears that the circuit court never ruled on the motion to substitute prior to dismissing the case. While he cites Rule 41(a) of the West Virginia Rules of Appellate Procedure in support of his argument that he should now be permitted to be substituted as a party, that rule is inapplicable at this point. At the outset, Rule 41(a) explicitly applies "[i]f a party dies *after* an appeal is filed . . . ." (emphasis added). The decedent died in 2007, and this appeal was filed in 2018.

In an August 14, 2015, letter from Mr. Barber to the circuit court, he indicated that he "remained concerned about several categories of cases discussed but not decided at the June 8, 2015[,] hearing," one of which he identified as roll-your-own claims. In response, liaison counsel for defendants stated that roll-your-own, and two other specified categories of claims, concerning cigarettes were lost in the Phase I trial and that the smokeless tobacco claims were severed fourteen years prior but that no action had ever been taken to pursue those claims. Counsel

5

pointed out that while those claims had been severed, they were not stayed "and the lack of action yields the conclusion that the cases were abandoned due to lack of prosecution long ago."

In the circuit court's June 3, 2016, order, it ordered that all plaintiffs with smokeless tobacco claims file a list of those claims, along with other specified information. Shortly thereafter, in his July 7, 2016, letter to Debra Brogan, the Mass Litigation Paralegal, Mr. Barber referenced a document that provided that "the term 'smokeless tobacco' includes, without limitation, . . . loose-leaf tobacco products . . . ." Mr. Barber suggested that the roll-your-own actions receive determinative action or recognition. However, he did not identify those claims or provide any specific information regarding those claims. Shortly thereafter, during a July 11, 2016, status hearing, Judge Recht referenced the existing case management order and asked whether any adjustments were needed, though the court indicated that it would like for "things [to] get moving pretty quickly." A representative for the plaintiffs below, Kenneth B. McClain, then had this exchange with the circuit court:

> Mr. McClain: Judge, if this is a – I hesitate to even raise this.
>
> The court: Then don't.
>
> Mr. McClain: Don't? I am afraid you will blame me if I don't. You raised the issue, I mean, there were severed, I think, cigar and roll-your-own claims as well. We didn't report on those because we looked at the definition of what smokeless was. But I think somebody ought to look at that and tell the Court, are there any other claims like that that are out there pending? I don't know whether Mr. Barber's list contains those or not. I don't know if we have any people in that category we represent or not. Frankly, I should have looked at that before we came, but I didn't. So we need to look at that, at least to get some resolution as to, are there people out there that were not covered in the first trial? And if they were covered in the first trial, what does that mean, if they have severed roll-your-own claims or cigar claims as well? And so we probably ought to have a report to the Court on that within 30 days. It would be my suggestion on that, so that we can at least inform the Court. But that would seem to be a loose end that is hanging out there.
>
> The court: That is another category of cases, and we can't ignore them if they are there. . . So if there are cigar or roll-your-own, maybe pipe tobacco, I don't know. I don't care how many there are, let's at least address them and get them out of the way. So when we close this door, I mean, at the [c]ircuit [c]ourt level, it is done. . . And we have to do it. . . .

While Mr. Barber failed to appear at that hearing, other representatives for plaintiffs below were present, including Mr. McClain. In addition, the July 26, 2016, order regarding that hearing provides that "[d]efendants contend that the smokeless tobacco claims severed in 2001 have all remained inactive for more than 15 years and they assert that the claims were abandoned and should be dismissed. Plaintiffs in the 41 cases referenced disagree." The circuit court then directed the defendants to submit a motion directed at that issue and directed plaintiffs to file

their opposition no later than October 26, 2016. Mr. Barber inspected and approved that order. During a January 19, 2018, hearing, the circuit court stated that it had received a lengthy motion addressing the proposed dismissal of a number of cases submitted by Kevin Stanley, one of the attorneys for the plaintiffs below. The court inquired whether there was any objection to that proposed motion or order, and after one attorney stated her client did not object to the dismissals, the court gave the parties another opportunity to object. However, there was no such objection.[4] Further, the court asked whether there was anything else that needed to be addressed that day, and no one addressed the roll-your-own claims.

The March 5, 2018, "Order of Dismissal With Prejudice" provides that all cases in the attached exhibit are dismissed with prejudice; that exhibit included the decedent's case. On March 10, 2018, counsel filed objections to the March 5 order, identifying seventeen cases it argued should not have been dismissed. According to those objections, the cases were "inadvertently omitted from the [required] designations . . . ." In addition, counsel blamed "someone involved in generating the list" and argued that because "the attorneys representing the Humphreys clients have changed several times as people left the firm [. . . i]t has been very difficult for new counsel to determine what has happened in the 120 Humphreys cases over the years . . . ." Finally, they argue that because "[i]t has been difficult for counsel to determine the status of various claims in this litigation, some of which have been dismissed, reinstated and dismissed again, . . . [c]ounsel has been wary of submitting claims that may have been dismissed . . . at some point in the past, perhaps as long as 20 years ago."

As this Court has found,

[i]t is . . . clear that it is the plaintiff's obligation to move his or her case to trial, and where the plaintiff fails to do so in a reasonable manner, the case may be dismissed as a sanction for the unjustified delay. To be clear, we squarely hold that a plaintiff has a continuing duty to monitor a case from the filing until the final judgment, and where he or she fails to do so, the plaintiff acts at his or her own peril.

*Dimon* at 45, 479 S.E.2d at 344.

It is apparent from the record before this Court that petitioner had ample opportunity to be substituted as a party on behalf of the decedent and address the decedent's roll-your-own claim before the circuit court. However, at his own peril he did not take the steps necessary to become a proper party or prosecute the claim. Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's motion to reinstate the case.

Affirmed.

**ISSUED:** June 7, 2019

---

[4] It is not clear from the record before this Court what matters Mr. Stanley sought to have dismissed.

7

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins


**DISQUALIFIED:**

Justice John A. Hutchison