TRUDA L. MURRAY *v.* R. E. ROBERTS

(No. 8204)

Submitted January 14, 1936. Decided February 4, 1936.

*A. J. Barnhart* and *John W. Mason,* for plaintiff in error.

*Ambler, McCluer & Ambler* and *Fred L. Davis,* for defendant in error.

KENNA, JUDGE:

This writ of error is prosecuted to a judgment of the

Circuit Court of Wirt County, entered September 10, 1934, refusing to reinstate upon the docket of that court a previously dismissed action of trespass on the case brought by Truda L. Murray against R. E. Roberts. The action was dismissed September 13, 1933, for failure of the plaintiff to prosecute and for failure to comply with an order of January 3, 1933, directing the plaintiff to file, within thirty days of that date, a bill of particulars which had been demanded, in writing, by the defendant. The chronology of the case, as is shown by the records of the Circuit Court of Wirt County, and by the affidavits filed upon plaintiff's motion to reinstate the action, is as follows:

August 8, 1932, the action was brought and summons issued returnable September Rules.

August 9, 1932, summons executed.

September Rules, 1932, declaration filed and common order entered at Rules.

October Rules, 1932, order entered at Rules confirming the common order and awarding a writ of inquiry.

January 3, 1933, an order was entered in open court making up the issues in the case, filing the motion in writing of the defendant for a bill of particulars, reciting the plaintiff's consent to the filing of a bill of particulars within thirty days from date, and continuing the cause generally to the next term.

June term, 1933, an order was entered permitting the withdrawal from the case of McDougle & Hoff who were counsel of record for plaintiff in the bringing of the action.

There is some conflict in the showing as to what occurred at this time. The order entered simply states that the case was continued, upon motion of the plaintiff, until the next term of the court. The written opinion of the trial court states that the defendant again appeared and moved to dismiss the action because of the failure of the plaintiff to comply with the order entered at the January Term; that no counsel appeared for the plaintiff, but that Mr. Eugene T. Hague stated that the withdrawal of McDougle & Hoff as counsel for the plaintiff

had left Mr. George W. Johnson as sole counsel for the plaintiff and that he, at the request of Mr. Johnson, wished to move for a continuance because the duties of Mr. Johnson in Congress prevented him from being present. The court's opinion states that Mr. Hague explained at this time that he did not represent the plaintiff in the action, but appeared at the request of Mr. Johnson. The affidavit of Mr. Hague on the motion to reinstate the case does not deal with this circumstance, but states that he never accepted an employment in the case on behalf of the plaintiff. The affidavit of the plaintiff states that she employed Mr. Hague in the case in May, 1933.

At the September Term, 1933, the defendant appeared and moved to dismiss the case for failure to file the bill of particulars. This motion was resisted, Mr. T. M. McIntyre, partner of Mr. Eugene T. Hague, speaking for the plaintiff. It does not appear what preparation in the way of summoning witnesses, etc., had been made by either the plaintiff or the defendant at the January, June or September Terms, 1933. It does appear, however, that at the June Term, 1933, and again at the September Term, 1933, no one appeared for the plaintiff ready to go to trial under the reasonable conditions imposed by the order entered January 3, 1933, and consented to by plaintiff's counsel. There was no showing made either at the June Term, 1933, or at the September Term, 1933, that would have entitled the plaintiff to a continuance of the case, and it does not appear that affidavits were filed or proof taken for that purpose. All that appears beyond the orders of the court, is shown by affidavits filed on plaintiff's motion to reinstate. The action was dismissed at the September Term, 1933.

June Term, 1934, plaintiff filed her motion in writing to reinstate the action upon the docket, and to rescind the order of dismissal entered at the September Term, 1933. This motion, the court took under advisement.

September 10, 1934, an order was entered overruling plaintiff's motion to reinstate her action, and it is from this order that this writ of error is presented.

Under the circumstances shown, we have no difficulty in reaching the conclusion that the trial court was justified, in the exercise of a sound discretion, in dismissing the plaintiff's case under the provisions of Code, 56-4-6, providing for dismissal at any time after the appearance of the defendant upon the plaintiff's failure to prosecute.

The remaining question is whether or not the court, in refusing to reinstate the action upon the docket, was clearly wrong.

From the affidavits filed on behalf of the plaintiff, it would appear that she originally employed Mr. George W. Johnson and the firm of McDougle & Hoff to bring and to prosecute her action. Mr. Johnson does not seem to have appeared in the case at any time. Affidavits filed show that McDougle & Hoff promptly notified plaintiff of the necessity of complying with the demand for a bill of particulars. Plaintiff says that she referred them to Mr. Johnson, but McDougle & Hoff, after proper notification to the plaintiff, appear to have withdrawn from the case, without having filed the bill of particulars. From this point on, there is considerable confusion in the statements of the affidavits as to just what occurred, but it would appear that some sort of misunderstanding developed between the plaintiff and some one or more of the various lawyers that had been consulted by her from time to time, with the result that no one of the lawyers felt that he was definitely employed in the case for the purpose of actually prosecuting it, but that some two or three different counsel, perhaps in the spirit of accommodation rather than in discharge of a duty, undertook to communicate with other lawyers that they supposed to be in full charge of the case. After the order of dismissal had been entered at the September Term, 1933, according to the affidavit of Mr. Mason, of present counsel for the plaintiff, before the end of that term he communicated with Mr. Hague at Parkersburg and got an understanding from him that he would make the motion to reinstate the case at the September Term, 1933. Mr. Hague's understanding of what took place at this time is different from Mr. Mason's, Mr. Hague stating that

he did not undertake to make the motion himself, but told Mr. Mason that he would attempt to have it done.

There is no great significance to be attached to the fact that the motion was not made at the September term, 1933, since it was in fact properly made within three terms after the dismissal under the provisions of Code, 56-8-12.

From the affidavits filed, upon the motion to reinstate the case, it appears that the plaintiff, promptly upon discovering that the case had been dismissed at the September term, 1933, went to Mr. John W. Mason in the city of Fairmont, of counsel who now represent the plaintiff, and made arrangements which she thought would result in a motion to reinstate being made at the same term. However, even at the same term, the case could not have been reinstated except upon good cause shown. Appearances had been made by the defendant at three different terms of court, and upon each of these appearances, the defendant was ready to defend the case. It is true that at the first appearance, a demand was made for a bill of particulars, but it was the plaintiff and not the defendant who asked for further time. At the next appearance, the defendant, according to the undenied statement of Mr. Fred L. Davis, of counsel for defendant, vigorously opposed the continuance of the case, and it is doubtful whether the court at that time, considering the fact that no formal showing entitling the plaintiff to a continuance appears to have been made, was not too solicitous to protect the interest of the plaintiff. At the next ensuing term when the defendant appeared and there was still no bill of particulars, and still no formal showing entitling the plaintiff to a continuance, as a matter of right, as we have already said, the trial court certainly acted within a sound discretion in dismissing the case. The affidavits filed on the motion to reinstate the case upon the docket show that there was some confusion on the part of the plaintiff as to just what the different lawyers with whom she had talked about the case from time to time were to do in furtherance of her interest. But these matters that rest between

the plaintiff and her own attorneys, under rules that are universally recognized, cannot be considered good cause for reinstating the dismissed case. The trial court was liberal in his attitude toward the plaintiff, and every opportunity was given her to appear. If her rights suffered because she looked to certain of her counsel to perform duties that they did not understand they were expected to perform, that fact cannot be permitted to override the rights of the defendant to have the case disposed of. Almost a year was permitted to elapse after the accident before the case was brought. More than two years had elapsed after the suit was brought before it was finally disposed of by the order overruling the motion to reinstate. In the meantime, the defendant had appeared at three different terms. The trial court certainly could not, over the objection of the defendant, keep on continuing the case without a showing that justified that course of action. How long could the defendant be required to continue going to the expense of having counsel present at each term of court? How long could the defendant be required to undergo the risk of being unable to produce his witnesses? How long could the plaintiff expect exclusively to control the question of whether the case should go to trial or should not? It is regrettable that the plaintiff should suffer from the effect of a misunderstanding between her and some one or more of the attorneys she consulted, but we conclude that the discretion of the trial court in dismissing the case at the time and under the circumstances that he did dismiss it, was soundly exercised, and that the showing made by the plaintiff upon her motion to reinstate the case was insufficient to make the action of the trial court in refusing to do so an abuse of the discretion that he clearly had in the premise.

The plaintiff in error stresses the fact that the order providing for the bill of particulars does not impose terms upon the plaintiff but merely recites the plaintiff's consent to file the bill within thirty days from the date of the order. There is no penalty attached by the order to the plaintiff's failure to do so. The plaintiff in error

argues that under such an order, the failure to file a bill of particulars can be taken advantage of only by objecting to proof at the trial upon subjects not embraced within a bill of particulars required to be filed. The plaintiff in error says that such a failure on the part of the plaintiff below does not justify the dismissal of her action. Although the order of the trial court dismissing the action recites that it was done because of the failure to file the bill of particulars, the record otherwise makes it very plain that the underlying and fundamental reason was the failure of the plaintiff to prosecute her action or to make a proper showing for a continuance. Under familiar principles, if the action of the trial court is justified under the whole showing of the record, it will not be reversed simply because the wrong reason is stated for it. We do not regard the failure to file the bill of particulars as more than emphasizing the entire failure of the plaintiff to appear for the purpose of prosecuting her action after it was brought.

The plaintiff in error contends vigorously that a letter exhibited with the affidavit of McDougle & Hoff, filed on the plaintiff's motion to reinstate, should not have been permitted to be filed because it was a confidential communication between attorney and client. The letter is dated May 6, 1933, is addressed to the plaintiff and is signed by William Bruce Hoff. It informs the plaintiff that, after full investigation, counsel have concluded that it would be impossible to prove an injury to plaintiff of any consequence, and that for that reason, it hardly appears to be worthwhile to present the case to a jury. The letter states that McDougle & Hoff, for the reason given, wished to retire from representing the plaintiff in the action. We do not think that this letter materially enters into the decision of the questions before us, nor that it could materially have swayed the action of the trial court. We, therefore, do not think that it is necessary to discuss the legal questions involved in its production, and mention it only to avoid, by silence, giving tacit approval to the practice followed in its production under the circumstances.

For the reasons stated, the order of the Circuit Court of Wirt County, refusing to reinstate the case upon the docket is affirmed.

*Affirmed.*